UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERESA A. HOLLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-74-JAR |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff Teresa A. Holley's application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons discussed below, the decision of the Commissioner will be affirmed.

**I.      Background**

On January 29, 2018, Plaintiff filed an application for SSI with an alleged disability onset date of January 29, 2018. (Tr. 281-82). Plaintiff claimed disability due to irritable bowel syndrome ("IBS"), rheumatoid arthritis, degenerative disc disease, left shoulder atrophy, mitral valve prolapse, degenerative joint disease, depression, and pain. (Tr. 321). After Plaintiff's application was initially denied (Tr. 153-59), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on April 11, 2019. Plaintiff was represented by counsel at the hearing, and the ALJ heard evidence from both Plaintiff and a vocational expert ("VE"). After considering the testimony and record evidence, the ALJ issued an unfavorable decision on May 17, 2019. (Tr. 128-44). The Appeals Council, however, remanded the case for the ALJ to evaluate whether Plaintiff needed a cane and to fully evaluate her alleged symptoms. (Tr. 147-49).

1

On remand, an ALJ again found Plaintiffs was not disabled. (Tr. 8-32). On October 22, 2021, the Appeals Council denied Plaintiff's request for review of this decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 560 U.S. 103, 107 (2000). Plaintiff filed this appeal on December 2, 2021. (Doc. 1). The Commissioner filed the answer March 1, 2022. (Doc. 11). Thereafter, Plaintiff filed her brief in support of the Complaint (Doc. 14) and the Commissioner filed her brief in the support of the answer (Doc. 17).

**II.   Facts**

This Court adopts Plaintiff's Statement of Uncontroverted Material Facts (Doc. 14-1) to the extent they are admitted by the Commissioner (Doc. 17-1). This statement provides a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as necessary to address the parties' arguments.

**III.   Legal Standards**

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. *Adkins v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 547, 550 (8th Cir. 2018); *see also Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion. *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019) (citing *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (per curiam)). The Court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). A reviewing court must consider evidence that both supports and detracts from the ALJ's decision. *Id*. If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court

must affirm the decision of the Commissioner. *Id*. In other words, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id. The Court defers heavily to the findings and conclusions of the Social Security Administration. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quoting Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010)).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *see also Stamper v. Colvin*, 174 F. Supp. 3d 1058, 1063 (E.D. Mo. 2016).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001)).

If the claimant has a severe impairment, the ALJ must determine at step three whether any of the claimant's impairments meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

If the claimant's impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00; 20 C.F.R. § 404.1520a(c)(3). RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96–8p. The

4

relevant mental work activities include understanding, remembering, and carrying out instructions; responding appropriately to supervision and co-workers; and handling work pressures in a work setting. 20 C.F.R. § 404.1545(c).

At step four, the ALJ must determine whether, given his RFC, the claimant can return to his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012). If the claimant can still perform past relevant work, he will not be found to be disabled; if not, the ALJ proceeds to step five to determine whether the claimant is able to perform any other work in the national economy in light of his age, education and work experience. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove he is disabled. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012). "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Harris v. Barnhart*, 356 F.3d 926, 931 n. 2 (8th Cir. 2004); *see also Stamper*, 174 F. Supp. 3d at 1063.

**IV.     Decision of the ALJ**

The ALJ found that Plaintiff had not engaged in substantial gainful activity following the alleged onset date. (Tr. 13). The ALJ found that Plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), osteoarthritis, fibromyalgia, and nonunion ulnar styloid fracture of the right upper extremity, but that no impairment or combination of impairments met

5

or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14, 16).

After consideration of the entire record, the ALJ assessed Plaintiff's RFC as permitting a reduced range of light work as defined in 20 C.F.R. § 404.416.967(b) with the following limitations:

> "[S]he can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She can frequently reach, handle, and finger with her bilateral upper extremities. The claimant can have no more than occasional exposure to extreme heat, extreme cold, wetness, humidity, dust, fumes, noxious odors, or gases."

(Tr. 17). Based on the testimony of the VE, the ALJ concluded that Plaintiff is capable of performing past relevant work as a bookkeeper, as "this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 25). Alternatively, the ALJ found that Plaintiff could perform other work existing in the significant numbers in the national economy, including the light work of a cleaner, hand packer, and production worker. (Tr. 27). Thus, the ALJ found Plaintiff was not disabled as defined by the Act.

V.     **Discussion**

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ did not analyze the opinions of her treating physicians correctly under 20 C.F.R. § 404.1520. (Doc. 14 at 13). Second, Plaintiff argues the ALJ's RFC finding is not supported by the weight of the evidence. (Doc. 14 at 21). The Commissioner responds that the ALJ properly found the opinions of Plaintiff's doctors unpersuasive, and that the RFC finding is supported by substantial evidence. (Doc. 17 at 4, 10).

A.  **Medical opinions**

Plaintiff argues the ALJ did not properly evaluate the opinions of her treating physicians, Dale Zimmerman, D.O., and Adam Samaritoni, D.O. (Doc. 14 at 13). In March 2019, Dr.

6

Zimmerman completed a Physical RFC Statement finding that Plaintiff is able to lift up to ten pounds, stand and walk for about two hours in an eight-hour workday, and sit for about two hours in an eight-hour workday. (Tr. 657). Dr. Zimmerman also found Plaintiff required fairly frequent postural changes and should be able to shift her position at will. She can occasionally twist, bend, and climb stairs; never crouch or climb ladders; frequently reach, handle, finger, and feel; and occasionally push and pull with the upper and lower extremities. (Tr. 658). Dr. Zimmerman also noted that Plaintiff should avoid moderate exposure to extreme heat, extreme cold, or humidity, and would be off task 25% or more of the day and required extra breaks. (Tr. 659-60).

In January 2021, Dr. Samaritoni completed a Physical RFC Statement finding that based on Plaintiff's own report, she could lift and carry ten pounds occasionally and less than ten pounds frequently, stand and walk for less than two hours in an eight-hour workday, sit for about three hours in an eight-hour workday, and sit for thirty minutes before changing positions, and would lie down twice during a day. (Tr. 824). He also found Plaintiff could occasionally twist and never stoop, crouch, or climb stairs or ladders; occasionally reach, handle, finger, and feel; and never push or pull with her upper or lower extremities. (Tr. 825). Dr. Samaritoni stated that Plaintiff has no restriction with extreme cold and should avoid moderate exposure to extreme heat. (Tr. 826). He concluded she would miss more than four days of work per month, would be off task 25% of the time or more, and would need to take four to five unscheduled breaks per day. (Tr. 826-27).

Under current regulations, a treating physician's opinion is entitled to no special deference. See 20 C.F.R. § 416.920c(a) (2017) (when evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."). Instead, the focus is on the persuasiveness of a medical

7

opinion in terms of supportability[1] and consistency[2], the two most important factors required by the new regulations. See 20 C.F.R. § 416.920c(a)-(c) (2017) (in evaluating persuasiveness, ALJ should consider supportability, consistency, relationship with the claimant – which includes length of the treatment relationship, frequency of examinations, examining relationship, purpose of the treatment relationship, and the extent of the treatment relationship, specialization, and other factors); 20 C.F.R. § 416.920c(b)(2) (2017) (the ALJ was required to explain how she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion).

Here, the ALJ found Dr. Zimmerman's assessment that Plaintiff cannot climb ladders and requires some limitation regarding manipulation and exposure to environmental factors consistent with the record, but that the record did not support more than occasional concentrated exposure or frequent reaching, handling, and fingering, as Plaintiff demonstrated good grip strength, no motor deficit, and her COPD was managed with medication and assessed as mild. (Tr. 24). The ALJ further found the fact that Dr. Zimmerman did not include a requirement that Plaintiff use an assistive device such as a cane persuasive. (*Id.*). As for the remaining limitations assessed by Dr. Zimmerman, the ALJ found they were unpersuasive because they lacked an objective basis. (*Id.*).

Similarly, the ALJ found Dr. Samaritoni's assessment of Plaintiff's limitations unpersuasive because they were not based on his own examination of Plaintiff or review of the

---

[1] Supportability is defined as "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

[2] Consistency is defined as "[t]he more relevant a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

8

record, and because they were not consistent with the medical evidence of record. (*Id.*). The ALJ explained that while some environmental restrictions are supported by the record and included in the RFC, the extent of the restrictions Dr. Samaritoni suggests are not supported by the record, given that Plaintiff's COPD is mild and treated with medication, and because Plaintiff continues to smoke. (Tr. 24-25).

The ALJ properly considered the supportability and consistency of these medical opinions by discussing in detail medical findings and observations in the record that were inconsistent with disabling medical symptoms. (*Id.*). Specifically, the physical examination findings did not reflect the level of severity that would require additional breaks or extreme standing, sitting, and lifting limitations. (Tr. 24-25, 519-20, 533, 596, 614, 619, 626, 634, 638, 685, 689, 699, 703, 711, 724, 728, 736, 816, 831). These examinations additionally showed normal muscle strength, tone, and sensation, no acute distress, and no motor sensory deficit. (Tr. 18, 22, 519, 553, 596, 619, 596, 626, 689, 703, 728, 736, 813, 831).

Plaintiff argues that her treatment records contradict the ALJ's determination, noting examination findings of spasm in the spine, osteoarthritis with degenerative changes, decreased range of motion, joint stiffness, and mild to moderate tenderness, and the fact that she received injections and was prescribed pain medication. (Tr. 553-54, 562). However, even if this Court would reach a different conclusion, it would not be grounds to overturn the ALJ's finding. *Papesh*, 786 F.3d at 1131. So long as it is possible to draw the Commissioner's conclusion, then this Court will affirm it. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016); *Bradley v. Astrue,* 528 F.3d 1113, 1115 (8th Cir. 2008) ("An ALJ's decision is not outside the zone of choice simply because we might have reached a different conclusion had we been the initial finder of fact.").

The ALJ also properly factored in that Dr. Samaritoni's opinions were based solely on "patient report," and not his own examination of Plaintiff or review of the record. (Tr. 25, 824-25). *See McDade v. Astrue*, 720 F.3d 994, 999 (8th Cir. 2013) (holding that the ALJ properly discounted a medical opinion when it "appeared to rely largely on [the claimant's] own subjective reports of symptoms and limitations"); *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (The Court "will not substitute its opinion for the ALJ", who is in the better position to gauge credibility and resolve conflicts in the evidence."). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." 20 C.F.R. § 416.920c(c)(1).

Plaintiff argues the ALJ was inappropriately "playing doctor" in evaluating these opinions. (Doc. 14 at 21). But the role of the ALJ is to evaluate the medical opinions in light of the objective evidence and the record. *See Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) ("the interpretation of physicians' findings is a factual matter left to the ALJ's authority") (citing *Clay v. Barnhart*, 417. F.3d 922, 930 (8th Cir. 2005)); *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 562 (6th Cir. 2014) ("As the ALJ properly reviewed and weighed the reports to make a legal determination that is supported by substantial evidence, the assertion that the ALJ was 'playing doctor' is unsupported."). Accordingly, the ALJ properly considered the medical opinions of Drs. Zimmerman and Samaritoni and found them persuasive to the extent they were supported by the record and the medical evidence.

### B.  ALJ's RFC Finding

A claimant's RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (internal quotations, alteration

and citations omitted); 20 C.F.R. § 404.1545(a)(1). It is the claimant's burden rather than the Commissioner's to provide claimant's RFC. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). In formulating a claimant's RFC, the ALJ must consider all the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The ALJ acknowledged that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and the record as a whole. (Tr. 18). The ALJ discussed Plaintiff's testimony, the findings of her physical examinations, and treatment notes at length and found that this evidence supported some limitations, but not those that Plaintiff alleged. (Tr. 18-23). While some examinations showed reduced range of motion and a stiff gait (Tr. 18, 22, 553, 562, 664, 777), other examinations showed normal gait and strength. (Tr. 18, 22, 520, 553, 614, 619, 626, 596, 634, 638, 685, 699, 711, 724, 728, 736). Similarly, examinations showed normal muscle strength, tone, and sensation, no acute distress, and no other motor or sensory deficit. (Tr. 18, 22, 519, 553, 596, 626, 689, 703, 728, 736, 813, 831). The ALJ recognized that while the record demonstrates some indication of hand and shoulder issues, those have been accommodated by the RFC, as has Plaintiff's reports of pain as supported by the medical evidence. (Tr. 19).

The ALJ also accounted for Plaintiff's COPD in the RFC by limiting Plaintiff to no more than occasional exposure to extreme heat, extreme cold, wetness, humidity, and pulmonary irritants. (Tr. 22). In reviewing Plaintiff's COPD, the ALJ noted that Plaintiff smoked up to a pack of cigarettes daily and had been advised to stop smoking. (Tr. 20, 554, 614, 618-19, 623, 665,

831). *See Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000) (citing *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)) (holding ALJ properly considered that despite complaints of asthma, claimant smoked two packs of cigarettes per day). Indeed, the ALJ recognized that in October 2018 and March 2019, Plaintiff reported that after reducing her smoking her symptoms had improved. (Tr. 20-21, 623, 730).

As for the medical opinion evidence, the ALJ considered the opinion of state agency physician, Dr. Joann Mace. (Tr. 23). Upon review of the evidence available, Dr. Mace opined that Plaintiff could perform the standing and lifting requirements of light work and the sitting required by sedentary work. (Tr. 122). Dr. Mace also found Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps, ladders, stairs, ropes, and scaffolds. (Tr. 122). Finally, Dr. Mace assessed that Plaintiff could frequently finger and should avoid concentrated exposure to extreme cold. (Tr. 122-23). The ALJ found Dr. Mace's assessment generally consistent with the record as a whole. (Tr. 23).

Plaintiff argues Dr. Mace's opinion predates some medical evidence, and Dr. Mace was unable to review the entire record. (Doc. 14 at 14). However, nothing in the Social Security regulations requires a report to be within a certain time period for an ALJ to rely on it. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Nor does legal authority require a consultant's medical opinion to be based on subsequently created medical records for an ALJ to rely on it. *Baker v. Colvin*, No. 14-0900-CV-W-ODS-SSA, 2015 WL 4928556, at *1 (W.D. Mo. Aug. 18, 2015) ("[T]he Court is not aware of any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's medical opinion must necessarily be discounted because

12

it is not based on those records."). In fact, the ALJ considered the updated evidence that Dr. Mace did not review and found this warranted additional restrictions on reaching and handling as well as more restrictive environmental limitation on exposure to extreme cold, wetness, humidity, dust, fumes, noxious odors, and gases. (Tr. 23). Ultimately, the ALJ properly relied on Dr. Mace's opinion. *See Marby*, 815 F.3d at 391 ("The state agency physicians' opinions were consistent with other medical evidence and it was proper for the ALJ to rely on them, in part, in formulating [the] RFC.").

## VI. Conclusion

Substantial evidence on the record as a whole supports the ALJ's determination that Plaintiff's doctors' opinions were largely unpersuasive. The ALJ adequately articulated the supportability and consistency factors from 20 C.F.R. § 404.1520c(c). The ALJ considered the proper evidence in the RFC determination, and this finding is likewise supported by substantial evidence. For these reasons, the Court finds the ALJ's decision supported by substantial evidence on the record as a whole and, therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**.

Dated this 15th day of December, 2022.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**